**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MARIA MAY** | : | **Case No. 1:18CV00710** |
| 1000 Gift Ridge Rd | : | |
| Manchester, OH 45144 | : | |
| | : | |
| and | : | |
| | : | |
| **MELISSA MINGEE** | : | **Judge** |
| 29 Chestnut Ridge Road | : | |
| West Union, OH 45693 | : | |
| | : | |
| and | : | |
| | : | |
| **KIM HARPER** | : | |
| 29 Chestnut Ridge Road | : | |
| West Union, OH 45693 | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **WILLIAMS SPECIALTY** | : | |
| **SERVICES, LLC** | : | |
| 100 Crescent Centre Parkway, | : | |
| Suite 1240 | : | |
| Tucker, GA 30084 | : | |
| | : | |
| **Defendant.** | : | |

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiffs Maria May, Melissa Mingee, and Kim Harper, for their Complaint against

Defendant Williams Specialty Services, LLC, state as follows:

### I. Preliminary Statement

1. This is a civil rights action arising out of Plaintiffs' employment with Williams

Specialty Services, LLC ("Williams"). Plaintiffs allege that they were paid less than their

male coworkers and discriminated and retaliated against on the basis of their gender.

2. Plaintiffs' claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* and the Ohio Civil Rights Act, Ohio Rev. Code § 4112.02 *et seq.*

3. Plaintiffs seek relief for the aforementioned acts and/or omissions in the form of compensatory damages for both their economic and non-economic injuries. They also seek liquidated and/or punitive damages, equitable relief in the form of reinstatement or front pay, and their reasonable attorney fees and costs in prosecuting this matter.

## II. Jurisdiction and Venue

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 to secure protections and redress deprivations of rights conferred by Title VII. This Court may assume supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. § 1367 because that claim derives from the same nucleus of operative facts as their federal claims.

5. Venue with this Court is appropriate because all or part of the claim for relief arose in the Southern District of Ohio, Western Division.

## III. Parties

6. Plaintiffs Maria May, Melissa Mingee, and Kim Harper are United States citizens and residents of Ohio.

7. Defendant Williams is a for-profit company headquartered in Tucker, Georgia. Williams serves as a contractor for Dayton Power and Light, providing maintenance welding. Williams is an "employer" as that term is defined in Title VII of the Civil Rights Act of 1964 and the Ohio Civil Rights Act.

## IV. Administrative History

8. On or about July 20, 2017, Ms. May filed a charge of discrimination against Williams with the Equal Employment Opportunity Commission ("EEOC"), Charge No.

473-2017-00954, alleging that she had been a victim of employment discrimination on account of her gender and was retaliated against for complaining about discrimination in the workplace.  Ms. May received her Notice of Right to Sue on July 13, 2018.

9.      On or about August 17, 2017, Ms. Mingee filed a charge of discrimination against Williams with the EEOC, Charge No. 473-2017-01055, alleging that she had been a victim of employment discrimination on account of her gender and was retaliated against for complaining about discrimination in the workplace.  Ms. Mingee received her Notice of Right to Sue on July 18, 2018.

10.      On or about August 17, 2017, Ms. Harper filed a charge of discrimination against Williams with the EEOC, Charge No. 473-2017-01057, alleging that she had been a victim of employment discrimination on account of her gender and was retaliated against for complaining about discrimination in the workplace.  Ms. Harper received her Notice of Right to Sue on July 16, 2018.

11.      Ms. May, Ms. Mingee, and Ms. Harper have filed this claim within 90 days of that notice.

## V. Statement of the Case

12.      Ms. May, Ms. Mingee, and Ms. Harper began their employment with Williams as apprentices.  Subsequently, Williams promoted them to the position of Confined Space Attendant.

13.      With rare exception, the Confined Space Attendant position at Williams is staffed by women.  While some men have been hired as Confined Space Attendants, they were quickly promoted.

14.     The other non-management positions at Williams, Helper, Boilermaker, and Welder, are almost entirely filled by men.  Men in these positions are paid substantially higher hourly wages than are the women that serve as Confined Space Attendants.

15.     The duties of Confined Space Attendant are nearly identical to the job duties of a Helper and a Boilermaker.

16.     Ms. May, Ms. Mingee, and Ms. Harper repeatedly asked to be promoted to the position of Helper or Boilermaker, but Williams repeatedly denied their requests.  During Plaintiffs' tenure, several men with no relevant experience were hired directly into the Helper and Boilermaker positions and paid more than Plaintiffs.

17.     Ms. May, Ms. Mingee, and Ms. Harper were qualified to perform the positions of Helper and Boilermaker.

18.     Ms. May, Ms. Mingee, and Ms. Harper also requested on several occasions to be trained to perform the position of Welder.  Williams repeatedly denied those requests as well.  During Plaintiffs' tenure, several men with less relevant experience have been trained for and promoted to the position of Welder.

19.     Ms. May, Ms. Mingee, and Ms. Harper were qualified, with appropriate training, to perform the position of Welder.

20.     Williams has engaged in a pattern and practice of denying women higher paying positions for which they are qualified, and of paying women lower wages for substantially similar work.

21.     Ms. May, Ms. Mingee, and Ms. Harper have also been subjected to a hostile work environment based on their gender, including sexual harassment and gender harassment.

22.     In March 2017, Ms. Harper made an anonymous call to Williams's human resources department to complain about sexual harassment she endured form Larry

Young, the foreman on Plaintiffs' job site.  Shortly thereafter, on or about March 28, 2017, James DeBois informed Ms. May that she, Ms. Mingee, and Ms. Harper would not be scheduled for work until Williams could determine who had made the anonymous complaint about Mr. Young's sexual harassment.  Ms. May was told not to inform the human resources department about their suspension.

23.     As of March 28, 2017, Williams stopped scheduling Ms. May, Ms. Mingee, and Ms. Harper for regular shifts.   Although Williams did not formally terminate their employment, it effectively terminated Plaintiffs in retaliation for Ms. Harper's complaint.

24.     The acts and/or omissions of Williams were taken intentionally, maliciously, and purposefully, with a conscious disregard for Ms. May, Ms. Mingee, and Ms. Harper's rights under federal and state civil rights laws.

25.     As a direct and proximate result of Defendant's actions, Ms. May, Ms. Mingee, and Ms. Harper have suffered and will continue to suffer damages from lost income and benefits, emotional distress, and damage to their professional reputation.

## VI. Statement of the Claims

### Count 1: Gender Discrimination
**(42 U.S.C. § 2000e-2 and Ohio Rev. Code § 4112.02)**

26.     Plaintiffs incorporate paragraphs 1 through 25 as if fully rewritten herein.

27.     Williams paid Plaintiffs a lower hourly wage because of their gender, refused to promote them because of their gender, and effectively terminated their employment because of their gender.

### Count 2: Retaliation
**(42 U.S.C. § 2000e-3 and Ohio Rev. Code § 4112)**

28.     Plaintiffs incorporate paragraphs 1 through 27 as if fully rewritten herein.

29.     Williams effectively terminated Plaintiffs because Ms. Harper opposed what she reasonably and in good faith believed to be gender discrimination.

### Prayer for Relief

Wherefore, Ms. May, Ms. Mingee, and Ms. Harper demands judgment against Williams Specialty Services, LLC as follows:

1.     An award of compensatory damages for all economic damages suffered by Plaintiffs in an amount to be determined at trial;

2.     An award of compensatory damages for all non-economic damages suffered by Plaintiffs in an amount to be determined at trial;

3.     For an order reinstating Plaintiffs to their previous positions at Williams, inclusive of all pay increases and benefits to which they would have been entitled had they not been terminated, or in the alternative, an award of front pay;

4.     For an award of punitive damages in an amount to be determined at trial;

5.     For an award of Plaintiffs' reasonable attorney fees and costs;

6.     For an award of any other relief in law or equity to which Plaintiffs are entitled under the premises.

Respectfully submitted,

**MEZIBOV BUTLER**

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)
Marc D. Mezibov (OH No. 0019316)
615 Elsinore Place
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
bbutler@mezibov.com
mmezibov@mezibov.com

*Attorneys for Plaintiffs Maria May,
Melissa Mingee, and Kim Harper*

## JURY DEMAND

Plaintiffs Maria May, Melissa Mingee, and Kim Harper demand a jury trial to resolve all issues of fact related to their Complaint.

/s/ Brian J. Butler
Brian J. Butler (OH No. 0082675)